IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAYLENE THOMAS and <br> DENNIS THOMAS, wife and husband, <br><br> Plaintiffs, <br><br> vs. <br><br> WAL-MART STORES INC., <br> a Delaware Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> 8:04CV609 <br><br> ORDER |

On September 6, 2006, the jury entered a verdict in favor of the plaintiffs and against the defendants in the total amount of $500,000.00. Judgment was entered on September 7, 2006, and defendant timely filed a motion for new trial [72] pursuant to Fed. R. Civ. P. 59. Plaintiffs filed a response in opposition [75].

Defendant's motion alleges that the verdict is against the weight of the evidence, is the result of jury misconduct, is based upon insufficient evidence, is contrary to law, constitutes excessive damages, and the damages awarded are the result of unfair sympathy or prejudice.[1]

Pursuant to Rule 59(a)(1), "A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The rule permits a new trial "if substantial errors were made

---

[1] In its brief, defendant further complains that the plaintiffs did not disclose a complete statement of an expert witness, Dr. Sliter, thus hampering its defense. The court notes that Dr. Sliter was disclosed in January 2006, and the defendant did not challenge Dr. Sliter's qualifications or the adequacy of plaintiffs' Rule 26(a)(2)(B) disclosure until this post-trial motion was filed.

in admitting or excluding evidence, or in charging the jury, or in misconduct, or because a material issue was improperly submitted or withdrawn from a jury.... This list is not exhaustive, as a trial court may order a new trial 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.' .... Despite this great latitude, it is well settled that the trial judge is to 'abstain from interfering with the verdict unless' upholding it would constitute a 'miscarriage of justice.' .... The federal rules direct the court to 'disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.'" *Sharkey v. Lasmo (Aul Ltd.)*, 55 F. Supp. 2d 279, 289 (S.D.N.Y. 1999) (citations omitted).

Thus, under Rule 59(a), "A motion for new trial will be granted when a miscarriage of justice occurred in the first trial." *Larson v. Farmers Co-op. Elevator of Buffalo Center, Iowa*, 211 F.3d 1089, 1095 (8th Cir. 2000). "[A] movant should not use Rule 59 merely to relitigate previously-decided matters." *LiButti v. United States*, 986 F. Supp. 114, 117 (N.D.N.Y. 1997), *rev'd on other grounds*, 178 F.3d 114 (2d Cir. 1999).

> [A] trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice.... Certainly, a trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if afforded another chance.

*Libutti v. United States*, 178 F.3d at 118-19 (citing *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

In this case, the defendant raised no objections to any of the jury instructions, and the court believes the jury was properly instructed. Rather, defendant appears to contend, based on the amount of damages awarded, that the jury did not understand, disobeyed, or misapplied the instructions.

The evidence presented in this case, depending on which evidence the jury found credible, would support a wide range of verdict amounts.  The verdict was not contrary to the evidence or the law, and upholding this jury verdict will not constitute a miscarriage of justice.  The court finds that the defendant is not entitled to relief under Rule 59.

Accordingly,

**IT IS ORDERED** that defendant's Motion for New Trial [72] is denied.

**DATED October 23, 2006.**

> BY THE COURT:
>
> s/ F.A. Gossett
> **United States Magistrate Judge**